IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-820-M |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

John Demos is a prisoner who has filed hundreds of suits around the country.[1] The latest one was filed in the Western District of Oklahoma, where he seeks leave to proceed *in forma pauperis*. The request should be denied under 28 U.S.C. § 1915(g).

This law ordinarily bars a prisoner from obtaining pauper status when he has three or more dismissals for frivolousness or failure to state a valid claim.[2] An exception exists when the inmate is in imminent danger of a serious physical injury.[3]

---

[1] S*ee Demos v. Washington*, 2010 WL 2557741, Westlaw op. at 1 & note 2 (S.D. Ill. June 23, 2010) (unpublished op.) (noting that Mr. Demos has filed "hundreds of civil actions" across the United States and is under filing restrictions in two federal district courts, the courts in one state, one circuit court of appeals, and the United States Supreme Court); *Demos v. Keating*, 33 Fed. Appx. 918, 919 (10th Cir. Jan. 30, 2002) (unpublished op.) (nothing that Mr. Demos had filed "134 civil rights lawsuits throughout the United States").

[2] *See* 28 U.S.C. § 1915(g).

[3] *See* 28 U.S.C. § 1915(g).

Mr. Demos has had three or more dismissals for frivolousness or failure to state a valid claim.[4] These dismissals trigger the general rule against pauper status, and Mr. Demos has not raised the exception for an imminent risk of serious physical injury.

Instead, Mr. Demos has asserted constitutional challenges to 28 U.S.C.§ 1915(g), arguing that the statute violates the first amendment, is too vague, and violates the ex-post-facto clause. These challenges are invalid, as the Tenth Circuit Court of Appeals has upheld the constitutionality of Section 1915(g).[5] In doing so, the court has rejected similar challenges involving the first amendment[6] and vagueness.[7] And, other courts have squarely rejected a similar challenge to Section 1915(g) based on the prohibition against ex-post-facto laws.[8] Thus, the Court must apply Section 1915(g), and it would prevent recognition of pauper status in light of the prior dismissals for frivolousness or failure to state a valid claim.

---

[4]  *See Demos v. Keating*, 33 Fed. Appx. 918, 919-20 (10th Cir. Jan. 30, 2002) (unpublished op.) (stating that Mr. Demos, "while incarcerated, has had three or more prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted" (citation omitted)).

[5]  *See Strope v. Cummings*, 653 F.3d 1271, 1275 (10th Cir. 2011) ("Nor is there any question that § 1915(g) is constitutional." (citations omitted)).

[6]  *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001); *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).

[7]  *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

[8]  *Wilson v. Yaklich*, 148 F.3d 596, 606 (6th Cir. 1998), *cited with approval in White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998); *Rodriguez v. Cook*, 169 F.3d 1176, 1181 (9th Cir. 1999); *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

In these circumstances, the Court should deny the Plaintiff's application for leave to proceed *in forma pauperis*. If the Court denies pauper status, as suggested, it should require the Plaintiff to pay the filing fee within 21 days.[9]

The Plaintiff is advised of his right to object to this report and recommendation by September 6, 2012.[10] If the Plaintiff does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Plaintiff is further advised that if he does not timely object, he would waive his right to appellate review over the suggested ruling.[11]

This report discharges the referral.

Entered this 20th day of August, 2012.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[9] *See* LCvR 3.3(e).

[10] *See* 28 U.S.C.A. § 636(b)(1) (2010 supp.); Fed. R. Civ. P. 6(d), 72(b)(2).

[11] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).